RQ1971



# The Attorney General of Texas

September 11, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
'8-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable John J. Kavanagh, M.D.
Commissioner
Texas Department of Mental Health and
   Mental Retardation
Box 12668, Capitol Station
Austin, Texas 78711

Opinion No. H-1240

Re: Authority of Department
of MHMR to convert employee
residence buildings to other uses
and to provide cash allowances
to employees in lieu of housing.

Dear Dr. Kavanagh:

You have asked whether the Department of Mental Health and Mental Retardation may convert an on campus employee residence to other uses. If the answer is in the affirmative, you also ask if the facility may pay a $175 per month cash allowance in lieu of campus housing to those facility employees entitled to on campus, rent-free housing. In our opinion the Department has the authority to make a reasonable determination as to whether the best interests of the facility would be served by converting an on campus residence to another use or continuing to use it for residential purposes. V.T.C.S. arts. 5547-202, § 2.16; 3176; 3174b, § 2; Attorney General Opinion H-874 (1976).

In reference to your second question, the General Appropriations Act of 1977 provides, in pertinent part, that

> a house shall be furnished each Superintendent, Assistant Superintendent, Clinical and Medical Director, Business Manager, and Plant Maintenance Technician.

> In the event housing facilities are not available for institutional personnel specified in this subsection, cash allowances not to exceed one hundred seventy-five dollars ($175) per month may be paid to any such personnel in lieu of such house.

General Appropriations Act, Acts 1977, 65th Leg., ch. 872, art. II, § 3(c)(2), at 2802.

This provision does not limit the statutory authority of the Department, but merely provides that if no facilities are "available" to furnish housing, then a cash allowance may be paid. The Department still has the authority to make a reasonable determination as to what use is to be made of campus buildings. When a determination is made that the best interests of the facility are served by using a particular building for nonresidential purposes, the building is then "unavailable" for use as a residence. If no other housing accomodations are available, then it is our opinion that the allowance may be paid.

## SUMMARY

The Department of Mental Health and Mental Retardation has the authority to determine what use is to be made of campus buildings. If, as a result of the Department's determinations, no buildings are available for use as residences, then a cash allowance may be paid to those employees listed in the General Appropriations Act.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn